UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA MARIE RICHARDS,<br><br>         Appellant,<br><br>v.<br><br>RICHARD A. MARSHACK et al.,<br><br>         Appellees. | Case No. 8:23-cv-01558-SB<br><br><br>ORDER DISMISSING APPEAL<br>FOR LACK OF STANDING<br><br>Bankruptcy No.:  8:21-bk-10635-SC |

     In this consolidated appeal, Debtor Alicia Marie Richards challenges the bankruptcy court's orders granting the trustee's motion to pay three claims as community claims and denying her objections to those claims.  Because Richards does not have standing to appeal the orders, the appeal is dismissed.

     On June 20, 2023, Richard Marshack, the bankruptcy trustee, filed a motion for authority to pay three claims as community claims: (1) $419.78 to Capital One Bank (Capital One), (2) $20,500.19 to Ford Motor Credit Company LLC (Ford), and (3) $10,003.90 to SchoolsFirst Federal Credit Union (SchoolsFirst).  *In re Alicia Marie Richards*, No. 8:21-bk-10635-SC (Bankr. C.D. Cal.), Dkt. No. 1434 (Bankruptcy Proceeding).  Richards filed objections to the three claims.  Bankruptcy Proceeding, Dkt. Nos. 1468, 1470, 1472.  On July 11, 2023, the court heard the trustee's motion, granted it on the record, and issued a written order allowing payment of the claims "to the extent that they [a]re not disallowed at the [subsequent] hearing [on Richards's claim objections]."  Bankruptcy Proceeding, Dkt. Nos. 1689 at 9–11, 1506 at 3.  On August 15, 2023, the court held a hearing

on Richards's objections, overruling the objections to the Capital One and Ford claims. Bankruptcy Proceeding, Dkt. Nos. 1696 at 11–14, 1555.[1]

Richards filed two separate appeals challenging the court's order granting the trustee's motion to pay the three community claims and its dismissal of her objections to those claims. Case No. 8:23-cv-01558, Dkt. No. 1; Case No. 8:23-cv-01799, Dkt. No. 1. She then moved to consolidate those appeals, which this Court granted. Case No. 8:23-cv-01558, Dkt. No. 20.

In its order consolidating Richards's appeals, the Court directed the parties to address whether she has standing to pursue them, given the trustee's argument in the bankruptcy court that there is no reasonable possibility of a surplus in this case. *Id.*; *see Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."). The Court also takes notice of the briefing submitted by Richards and the trustee in Case No. 8:23-cv-01364 about the solvency of the estate. In that separate appeal, the Court concluded that the estate is insolvent. Case No. 8:23-cv-01364, Dkt. No. 21 (dismissing appeal for lack of standing). After reviewing Richards's standing arguments in her opening brief and considering the submissions in Case No. 8:23-cv-01364, the Court dismisses this appeal for lack of standing.[2]

"[A] hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate." *Matter of Fondiller*, 707 F.2d 441, 442 (9th Cir. 1983); *see also In re P.R.T.C., Inc.*, 177 F.3d 774, 778 n.2 (9th Cir. 1999) ("Ordinarily, a debtor cannot challenge a bankruptcy court's order unless there is likely to be a surplus after bankruptcy."). Without the possibility of a surplus of funds available at the end of a bankruptcy proceeding, a debtor is not "directly and adversely affected pecuniarily" by a bankruptcy court's order. *Matter of Point Ctr. Fin., Inc.*, 890 F.3d 1188, 1191 (9th Cir. 2018).

---

[1] SchoolsFirst and Ford withdrew their claims. Bankruptcy Proceeding, Dkt. Nos. 1475, 1545. The court disallowed the SchoolsFirst claim but allowed the Ford claim without addressing the withdrawal. Bankruptcy Proceeding, Dkt. No. 1555.

[2] Appellees did not file any response to Richards's opening brief and did not respond to the Court's order to show cause (OSC) why they failed to file. Dkt. No. 22. The Court will address this failure in a separate order.

The orders at issue in this appeal are subject to the *Fondiller* standing requirement. *See In re Reiff*, 33 F. App'x 878, 880 (9th Cir. 2002) (finding no standing to appeal order classifying claims as community or separate property); *In re Baroni*, 643 B.R. 253, 285 (Bankr. C.D. Cal. 2022) (citing cases applying *Fondiller* principle to appeals of claim objections). As the Court found in its order in Case No. 8:23-cv-01364, Richards's estate is insolvent—the total amount of unpaid attorney's fees and statutory compensation already exceeds the available funds in an estate that continues to incur substantial litigation fees and costs. Case No. 8:23-cv-01364, Dkt. No. 21 at 2. Given the insolvency of Richards's estate, she does not have standing to challenge the orders at issue in this case, which affect the size of the estate. Richards's opening brief—which reiterates the arguments she presented in Case No. 8:23-cv-01364 —does not persuade the Court otherwise. *See* Dkt. No. 21 at 28–28 (reiterating previously rejected arguments that Richards has standing as a creditor and that reversal of the bankruptcy court's orders will result in a surplus).

The clerk shall close the case.

Date: March 18, 2025

                                            Stanley Blumenfeld, Jr.
                                            United States District Judge